THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| PATRICK LANDON HOLTZINGER, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No.: MJM-24-1088 |
| KEVIN R. TUCKER, *Clerk of the Circuit Court of Washington County, Maryland*, | * | |
| Defendant. | * | |

## MEMORANDUM

Self-represented plaintiff Patrick Landon Holtzinger filed suit for damages pursuant to 42 U.S.C. § 1983 against defendant Clerk Kevin R. Tucker alleging his constitutional rights were violated by Tucker's mishandling of several petitions for writ of habeas corpus filed in Maryland state courts. ECF No. 1. Tucker has moved to dismiss the Complaint on the grounds that he is immune from suit and Holtzinger has failed to state a claim for relief. ECF No. 11. Holtzinger was notified of his right to file a response in opposition to Tucker's Motion pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). ECF No. 12. Holtzinger filed a response in opposition to the motion on September 20, 2024. ECF No. 14. The motion is ripe for disposition, and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated below, Tucker's motion will be granted.

I.  BACKGROUND

   A. Maryland Criminal and Habeas Proceedings

On March 14, 2022, Holtzinger was convicted of violating a protective order and sentenced to six months' incarceration and two years' probation by the Circuit Court for Washington,

County, Maryland. *State v. Holtzinger*, No. C-21-CR-21-000121 (Cir. Ct. Washington Cty. 2022); *see* ECF No. 11-2. Holtzinger filed a motion for modification of sentence, which was denied on May 18, 2022. ECF Nos. 11-3, 11-4. He was released from Washington County Detention Center ("WCDC") on August 9, 2022. ECF No. 11-5 at 1.

Holtzinger later violated the terms of his probation by traveling outside the State of Maryland without permission. S*ee* ECF Nos. 11-12 (Request for Warrant) and 11-13 (Bench Warrant). Holtzinger was sentenced to one year of incarceration for violation of his probation. ECF No. 11-14. Tucker states that Holtzinger's Complaint arises out of habeas petitions he filed while serving his sentence for the probation violation: *Holtzinger v. Rowe*, No. C-21-CV-24-000110 (Cir. Ct. Washington Cty.), and *Holtzinger v. Washington Cty. Sheriff's Office*, No. C-10-CV-24-000121 (Cir. Ct. Frederick Cty.).[1] ECF 11-1 at 3. According to Tucker, Holtzinger filed "duplicative and overlapping petitions" concerning his criminal conviction. *Id.* at 4. These petitions were consolidated and ultimately dismissed by the Washington County Circuit Court. *Id.* at 7.

Holtzinger's first habeas petition was filed on December 21, 2023, in the Washington County Circuit Court. ECF No. 11-18. Holtzinger filed a second habeas petition on January 25, 2024, with the Appellate Court of Maryland, *Holtzinger v. State of Maryland*, No. ACM-MIS-2343-2023 (Md. App. Ct.). *See* ECF No. 11-19. The Appellate Court of Maryland transferred this petition to the Washington County Circuit Court on February 9, 2024, pursuant to Maryland Rule 15-303(c), and closed the appellate case. *See* ECF No. 11-20. Upon transfer, the petition was docketed in Holtzinger's criminal case on February 12, 2024. A hearing on the petition was scheduled for May 20, 2024. ECF No. 11-22. But the State filed a motion to strike, asserting that

---

[1] Tucker notes that, in the Complaint, Holtzinger mistakenly cites the Frederick County case as C-21-CR-24-00121. ECF 11-1 at 3 n.1.

the petition should have been opened as a separate civil matter, and the court cancelled the hearing and struck the petition. ECF No. 11-25.

Concurrently, Holtzinger filed a third habeas petition in the Circuit Court for Frederick County on February 20, 2024. ECF No. 11-26. This case was transferred to the Washington County Circuit Court on February 28, 2024, and the Frederick County case was closed. ECF Nos. 11-28, 11-29. That same day, Holtzinger's fourth habeas petition was received by the Appellate Court of Maryland, No. CSA-MIS-19-2024, which transferred this petition to the Washington County Circuit Court and closed the appellate case. ECF Nos. 11-30 through 11-32.

Finally, Holtzinger filed a fifth habeas petition in Washington County Circuit Court on March 4, 2024. ECF No. 11-33. Pursuant to Maryland Rule 15-303, on March 7, 2024, a show cause order was issued to the Warden of WCDC to respond to Holtzinger's petition. ECF No. 11-35. A copy was also served on the Washington County State's Attorney pursuant to Maryland Rule 15-308. *Id*. The State's Attorney filed an answer on March 21, 2024. ECF No. 11-36. A hearing was scheduled for May 6, 2024. ECF No. 11-37. But Holtzinger moved to dismiss the case as moot on April 29, 2024, because he was no longer incarcerated. ECF No. 11-38. The case was dismissed the following day. ECF No. 11-39.

**B. Complaint Allegations**

In the Complaint, Holtzinger alleges that on December 21, 2023, he filed a petition for writ of habeas corpus in Maryland state court. ECF No. 1 at 2. He states that Tucker, the Clerk of Washington County Circuit Court, stamped the petition as filed and returned Holtzinger's copy to him but never actually filed his petition as required by Maryland Rule § 15-303 and Md. Code Ann., Cts. & Jud. Proc. § 3-702. *Id*. Holtzinger states that he filed another petition on January 18, 2024, and again "nothing was done." *Id.* at 3. On February 9, 2024, the Appellate Court of

3

Maryland "ordered another Petition referred back to the Washington County Circuit Court pursuant to Maryland Rule § 15-303(c)." *Id.* Holtzinger asserts that this petition was erroneously filed in his criminal case rather than in a new civil case. *Id.* Furthermore, on February 20, 2024, Holtzinger contends, the petition was sent to Judge Mark Bayer by the Clerk, which Holtzinger asserts cannot be done without his written consent under Maryland law. *Id.* The Clerk set a hearing for May 20, 2024, despite no judge having ordered "a later date" nor Holtzinger having given his consent, which, according to Holtzinger, violated his due process rights. *Id.*

On March 4, 2024, Holtzinger states that he filed a petition for writ of habeas corpus in the Circuit Court for Washington County in Case Number C-21-CV-24-000110. ECF No. 1 at 3. Judge Brett Wilson issued a show cause order on March 7, 2024, pursuant to Maryland Rule § 15-303(d). *Id.* at 3–4. Holtzinger contends, however, that the order should have only been sent to him and the Clerk instead sent it to the State's Attorney, the Warden, and two individuals he does not know. *Id.* at 4.

On March 9, 2024, Holtzinger says the Appellate Court of Maryland "[o]rdered another Petition since the first one they ordered was not being followed. . . ." ECF No. 1 at 4. In Case Number C-21-CR-21-000121, Holtzinger filed a motion for relief but never received the order issued regarding it. *Id.*

Holtzinger seeks monetary damages and injunctive relief. ECF No. 1 at 6.

## II. STANDARD OF REVIEW

Pursuant to Rule 12(b)(6), a defendant may file a motion to dismiss a complaint for failure to state a claim upon which relief may be granted. To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Upon review of a motion to dismiss

a complaint pursuant to Rule 12(b)(6), the court accepts all well-pleaded allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Venkatraman v. REI Sys., Inc.*, 417 F.3d 418, 420 (4th Cir. 2005) (citing *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)); *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Ordinarily, in ruling on a Rule 12(b)(6) motion, a court may consider only the complaint and any attachments to it. *Sec'y of State For Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007). The Court may also consider documents attached to the motion if they are integral to the complaint and authentic. *Id.* Thus, the Court considers "as true all well-pleaded allegations in the complaint, matters of public record, and documents attached to the motion to dismiss that are integral to the complaint and of unquestioned authenticity." *Woods v. City of Greensboro*, 855 F.3d 639, 642 (4th Cir. 2017) (citing *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). Because Holtzinger references these various Maryland court cases and no question has been raised concerning the authenticity of the public records attached to Tucker's Motion, the Court will consider these exhibits.

A federal court must liberally construe pleadings filed by pro se litigants to allow them to fully develop potentially meritorious cases. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But liberal construction does not mean that a court can "ignore an obvious failure to allege facts setting

forth a plausible claim for relief." *Sheehan v. Saoud*, 650 F. App'x 143, 152 (4th Cir. 2016) (citing *Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990)).

### III. ANALYSIS

Tucker asserts that the Complaint should be dismissed because he is entitled to Eleventh Amendment immunity, qualified immunity, and quasi-judicial immunity; the Court lacks jurisdiction over Holtzinger's state-law claims; and Holtzinger failed to state a plausible claim for relief. ECF No. 11. The Complaint is silent as to whether Holtzinger sues Tucker in his official or individual capacity, and thus the Court will evaluate Holtzinger's claims as if asserted against Tucker in both capacities.

#### A. Eleventh Amendment Immunity

Under the Eleventh Amendment to the United States Constitution, a state and its agencies and departments are immune from citizen suits in federal court absent state consent or congressional action. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Claims against state employees acting in their official capacities are also subject to Eleventh Amendment immunity because a suit against a state actor is tantamount to a suit against the state itself. *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985). The State of Maryland has not waived such immunity for claims brought pursuant to § 1983. To the extent that Holtzinger sues Tucker in his official capacity, the Complaint must be dismissed.

#### B. Quasi-Judicial Immunity

Holtzinger's claim fairs no better against Tucker in his individual capacity. Absolute quasi-judicial immunity "extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994). This doctrine of absolute quasi-judicial immunity

has been further adopted and extended to court support personnel because of "'the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts.'" *Kincaid v. Vail*, 969 F.2d 594, 601 (7th Cir. 1992) (quoting *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir. 1989)). To determine if quasi-judicial immunity applies, this Court must consider: "(1) whether the official's functions are similar to those of a judge; (2) whether a strong need exists for the official to perform essential functions for the public good without fear of harassment and intimidation; and (3) whether adequate procedural safeguards exist to protect against constitutional deprivations." *Howard v. Food Lion, Inc.*, 232 F. Supp. 2d 585, 595 (M.D.N.C. 2002) (citing *Ostrzenski v. Seigel*, 177 F.3d 245, 249 (4th Cir. 1999)). "[I]mmunity is vitiated only when the judicial officer acts in the clear absence of all jurisdiction." *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (citing *Stump v. Sparkman*, 435 U.S. 349 (1978)).

The thrust of Holtzinger's Complaint is that his due process rights were violated by Tucker's interference with the filing of his state habeas petitions in violation of various Maryland laws and regulations. However, the state court records show that Holtzinger filed numerous habeas petitions in two circuit courts and the Appellate Court of Maryland. As a result, many of these petitions were transferred to the Washington Circuit Court, which was the forum for the case of conviction underlying Holtzinger's petitions. Accepting these filings from Holtzinger and from other courts, pursuant to judicial orders, is well within the jurisdiction of Tucker as the Clerk for the Washington County Circuit Court. The various filings and copies of orders issued were executed pursuant to judicial order or Maryland Rules. The Clerk must be able to perform these functions in order for cases to be processed as required. Furthermore, to the extent Holtzinger believes his habeas petitions or appeals were denied or dismissed improperly, there are avenues

available for review by motion for reconsideration, appeal, or certiorari petition. As Tucker is entitled to quasi-judicial immunity, this civil suit may not proceed against him and must be dismissed.

## V. CONCLUSION

For the foregoing reasons, Tucker's Motion to Dismiss shall be granted, and the Complaint shall be dismissed.[2]  A separate Order will follow.

 _2/24/25_  
Date

_/s/ Matthew J. Maddox_  
Matthew J. Maddox  
United States District Judge

---

[2] Because the Complaint will be dismissed for the reasons stated herein, the Court need not address Tucker's remaining arguments.